UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WESLEY BECKMAN,
Individually and on behalf of all
Similarly Situated Employees of Domino's Pizza,

      Plaintiffs,

v.

DOMINO'S PIZZA LLC,

      Defendant.

Case No.
Hon.

**COLLECTIVE ACTION**
**FAIR LABOR STANDARDS ACT**

---

Noah S. Hurwitz (P74063)
Brendan J. Childress (P85638)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
340 Beakes St., Ste. 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com
brendan@hurwitzlaw.com

---

**COLLECTIVE AND CLASS ACTION**
**COMPLAINT AND JURY DEMAND**

**NOW COMES** Plaintiff Wesley Beckman, individually and on behalf of all Michigan employees of Domino's Pizza LLC ("Plaintiffs"), by and through his attorneys, HURWITZ LAW PLLC, and hereby states the following for his Complaint against Domino's Pizza LLC ("Defendant"):

## **INTRODUCTION**

1.      Domino's Pizza has resorted to using gig economy workers as a substitute for traditional W-2 employees in its corporate pizza stores by temporarily hiring workers through the staffing application "Wonolo." But make no mistake about it, while these temporary workers are treated remarkably similar to W-2 employees in most respects of their working conditions, they do not receive fair wages or equal benefits. Domino's Pizza even uses this new staffing model as a recruitment device by permanently hiring any temporary workers that are deemed worthy of full employment—after paying a small fee to Wonolo Inc. for its involvement. Temporary workers, like Plaintiff, are given a Domino's Pizza uniform, trained to perform every function of a Domino's Pizza employee, and groomed for permanent employment. However, even though they all look and act like a W-2 employee, they enjoy none of the same privileges. No overtime pay. No benefits like paid time off, holiday pay, disability accommodation, medical leave, workers' compensation, or unemployment insurance. And often times they are deprived both compensation for hours worked and customer tips that they rightfully earned. Plaintiff therefore brings this collective action under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq*. to recoup what Domino's Pizza has stolen from him and so many other devoted workers.

## PARTIES AND JURISDICTION

2. Plaintiff is an individual residing in the City of Detroit, County of Wayne, State of Michigan.

3. Defendant is a foreign limited liability company with a registered agent in the City of Plymouth, County of Wayne, State of Michigan.

4. The U.S. District Court for the Eastern District of Michigan has subject matter jurisdiction over claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the claim under the Improved Workforce Opportunity Wage Act ("IWOWA") pursuant to 28 U.S.C. § 1367.

5. Venue is proper pursuant to 28 U.S.C. § 1391 because Defendant regularly conducts business in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Plaintiff is an independent contractor for Wonolo Inc., a digital staffing company.

7. Wonolo Inc., which stands for "Work. Now. Locally.," connects companies struggling with various labor needs to underemployed independent contractors looking for flexible work across the United States.

8. Plaintiff utilized the Wonolo Inc. phone application to pick up regular work shifts for Defendant.

3

9. Defendant has the ability to block certain independent contractors from the Wonolo Inc. application.

10. Defendant has the ability to supervise and control the work schedules of independent contractors who utilize the Wonolo Inc. application.

11. Defendant controls the conditions of these independent contractors' employment.

12. Defendant maintains employment records for these independent contractors.

13. Defendant does not pay Plaintiff mileage fees for running supplies from store to store, even though Defendant's employees receive mileage reimbursement.

14. Plaintiff has worked behind Defendant's counter, stocking, cleaning, cutting pizza, boxing food, and answering phones.

15. Plaintiff has even helped customers order food and acted as a "translator" for Spanish-speaking customers.

**Defendant is Not Paying Plaintiff All Earned Overtime**

16. Defendant's non-exempt employees are eligible for overtime.

17. Plaintiff was non-exempt.

18. Plaintiff was encouraged by Defendant to work overtime as needed.

19. Some weeks, Plaintiff recalls working for Defendant at least 80-90 hours.

4

20. Plaintiff recalls being contacted by Defendant even if he was not clocked in for help with various issues.

21. During the week of September 19, 2022, Plaintiff worked over 54 hours.

22. For two of the shifts that Plaintiff worked during this week, he worked more than two hours after his scheduled shift.

23. The Wonolo application rescinded Plaintiff's "clock-out" for each of these days and auto-corrected the "clock-outs" to 6:30 p.m.

24. The Wonolo application did not fix this error.

25. Plaintiff informed Defendant of this error promptly after noticing it.

26. Defendant failed to pay Plaintiff the overtime he worked.

27. On the week of December 5, 2022, Plaintiff worked over 49 hours.

28. The Wonolo application failed to correctly note his time again, autocorrecting his "clock-outs" if he worked longer than the shift was originally scheduled.

## Defendant is Not Paying Plaintiff All Earned Tips

29. Plaintiff was promised that he would be paid tips he earned during his shifts.

30. Plaintiff was not paid the tips he earned during his employment with Defendant.

31. Plaintiff consistently communicated with Defendant regarding the issue.

32. Other similarly situated employees have had the same issue.

33. Defendant uses a program, "Pulse," to record its delivery transactions.

34. Pulse glitches and failed to record deliveries correctly often.

35. Plaintiff has also communicated this issue with Defendant.

36. Despite communicating both the non-payment of tips and the incorrect recording of deliveries, Plaintiff never received a response, an answer, or a resolution.

37. Rather than paying Plaintiff correctly, Defendant is attempting to end its partnership with Wonolo.

### Defendant Uses Wonolo Workers As A Recruitment Tool

38. Upon information and belief, it costs approximately $4,000 for Defendant to hire a person away from Wonolo unless he/she has worked at least 200 hours on the Wonolo application.

39. Domino's Pizza therefore uses this new staffing model as a recruitment device by permanently hiring temporary workers that are deemed worthy of full employment—after paying the fee to Wonolo Inc.

40. The FLSA Requires that "all tips received by such employee [must] have been retained by the employee." 29 U.S.C. § 203.

41. The proposed collective action class is defined as "all of Defendant's current or former employees who jointly worked for Defendant and Wonolo Inc. at any time from three (3) years preceding the filing of this lawsuit through the culmination of this litigation."

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938 ("FLSA") ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND ON BEHALF OF ALL EMPLOYEES OF DOMINO'S PIZZA (UNPAID OVERTIME WAGES)

42. Plaintiff incorporates the allegations in the foregoing paragraphs.

43. Plaintiffs are former and current "employees" within the meaning of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq*.

44. Defendant was and continues to be an "enterprise engaged in interstate commerce or in the production of goods" within the meaning of 29 U.S.C. § 203.

45. Plaintiffs were deprived of proper overtime compensation.

46. Defendant's conduct in this regard was knowing and willful.

47. Plaintiffs and all other similarly situated employees were and are being deprived of earned wages in amounts to be determined at trial.

48. Plaintiffs are entitled to compensation for unpaid overtime wages, interest, liquidated damages, attorneys' fees and costs, and any other remedies available at law or in equity.

49. The proposed "opt in" collective action pursuant to 29 U.S.C. § 216(b)

is defined as "all of Defendant's current or former employees who jointly worked for Defendant and Wonolo Inc. at any time from three (3) years preceding the filing of this lawsuit through the culmination of this litigation."

50. Plaintiffs reserve the right to amend said collective action definition consistent with information obtained throughout the course of discovery.

## COUNT II
## VIOLATION OF THE IMPROVED WORKFORCE OPPORTUNTY WAGE ACT ("IWOWA") ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND ON BEHALF OF ALL MICHIGAN EMPLOYEES OF DOMINO'S PIZZA
## (UNPAID OVERTIME WAGES)

51. Plaintiff incorporates the allegations in the foregoing paragraphs.

52. Plaintiffs are former and current "employees" within the meaning of the Improved Workforce Opportunity Wage Act ("IWOWA"), MCL § 408.932.

53. Defendant was and continues to be an "employer" within the meaning of the Improved Workforce Opportunity Wage Act ("IWOWA"). *Id.*

54. "An employer shall not pay any employee at a rate less than prescribed" pursuant to IWOWA. *Id.* 408.933.

55. Plaintiffs were deprived of proper overtime compensation.

56. Defendant's conduct in this regard was knowing and willful.

57. Plaintiffs and all other Michigan employees of Defendant were and are being deprived of earned wages in amounts to be determined at trial.

58. Plaintiffs are entitled to compensation for unpaid overtime wages,

8

interest, liquidated damages, attorneys' fees and costs, and any other remedies available at law or in equity.

59. Plaintiffs seek to certify their claims under ("IWOWA") as a class action under Fed. R. of Civ. P. 23.

60. The proposed class is defined as "all of Defendant's current or former employees who jointly worked for Defendant and Wonolo Inc. at any time from three (3) years preceding the filing of this lawsuit through the culmination of this litigation."

61. Plaintiffs reserve the right to amend said class definition consistent with information that will be obtained through the course of discovery.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the following relief:

a. Designation of this action as a collective action pursuant to the Fair Labor Standards Act and issuance of notice pursuant to 29 U.S.C. § 216(b);

b. Designation of this action as a class action pursuant to the Improved Workforce Opportunity Wage Act ("IWOWA") and prompt issuance of notice;

c. An award of unpaid overtime wages under federal and state law;

d. An award of liquidated damages under federal and state law;

e. Compensatory damages for monetary and non-monetary loss;

f. Exemplary and punitive damages;

  g.  Prejudgment interest;

  h.  Attorneys' fees and costs under federal and state law; and

  i.  Such other relief as in law or equity may pertain.

                Respectfully Submitted,
                HURWITZ LAW PLLC

                /s/ *Noah S. Hurwitz*
                Noah S. Hurwitz (P74063)
                Attorneys for Plaintiffs
                340 Beakes St., Ste 125
                Ann Arbor, MI 48104
                (844) 487-9489

Dated: October 24, 2023

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

WESLEY BECKMAN,
Individually and on behalf of all
Similarly Situated Employees of Domino's
Pizza,

    Plaintiffs,

v.

DOMINO'S PIZZA LLC,

    Defendant.

Case No.
Hon.

**COLLECTIVE ACTION**
**FAIR LABOR STANDARDS ACT**

---

Noah S. Hurwitz (P74063)
Brendan J. Childress (P85638)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
340 Beakes St., Ste. 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com
brendan@hurwitzlaw.com

---

## **DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiff Wesley Beckman, individually and on behalf of all employees of Domino's Pizza, by and through his attorneys, Hurwitz Law PLLC, and hereby demands a jury trial in the above-captioned matter for all issues so triable.

                        Respectfully Submitted,
                        HURWITZ LAW PLLC

                                                /s/ *Noah S. Hurwitz*
                                                Noah S. Hurwitz (P74063)
                                                Attorneys for Plaintiffs
                                                340 Beakes St., Ste 125
                                                Ann Arbor, MI 48104
                                                (844) 487-9489

Dated: October 24, 2023